IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIE WEAVER,

      Plaintiff,                     No. CIV S-12-0449 GEB DAD P

    vs.

DEPUTY FRANCIS et al.,

      Defendants.        <u>ORDER</u>

_____/

        Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights complaint seeking relief under 42 U.S.C. § 1983. Plaintiff has not paid the required filing fee. This proceeding was referred to the undersigned magistrate judge by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**28 U.S.C. § 1915(g)**

        The federal in forma pauperis statute includes a limitation on the number of actions in which a prisoner can proceed in forma pauperis.

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [§ 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may

/////

1

be granted, unless the prisoner is under imminent
danger of serious physical injury.

28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a prisoner has used his three strikes." Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

For purposes of § 1915(g), the court must determine whether plaintiff has, on three or more occasions prior to the filing of this new action, brought a civil action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief could be granted.  Where a court denies a prisoner's application to file an action without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for purposes of § 1915(g).  See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

## DISCUSSION

Here, plaintiff suffered his first strike for purposes of § 1915(g) on July 17, 2006, when the district court dismissed Weaver v. California Correctional Institution Confinement SHU, Case No. CIV F-06-0671 OWW SMS P (E.D. Cal.) for failure to state a claim and frivolousness.  Plaintiff suffered his second strike on July 17, 2006, when the district court dismissed Weaver v. California Correctional Institution - Third Watch Sergeant, Case No. CIV F-06-0775 OWW LJO P (E.D. Cal.) for failure to state a claim and frivolousness.  Finally, plaintiff suffered his third strike on August 1, 2006, when the district court dismissed Weaver v. California Correctional Institution Law Library, Case No. CIV F-06-0863 OWW SMS P (E.D. Cal.) for failure to state a claim and frivolousness.  In fact, as far back as 2006, in Weaver v. California Correctional Institution Building A-4A-4 et al., Case No. CIV F-06-1429 OWW SMS P, United States District Judge Oliver W. Wanger of the Fresno Division of this court dismissed an action filed by plaintiff as frivolous and malicious, noting that plaintiff had filed 124 actions in this district, many of which have been dismissed as frivolous or duplicative.

1  Plaintiff commenced this action on February 21, 2012, by filing a civil rights
2 complaint.  Subsequently, plaintiff filed an application to proceed in forma pauperis.  As noted
3 above, however, court records reflect that plaintiff filed this action after having brought three or
4 more prior federal cases that were dismissed on the grounds specified in 28 U.S.C. § 1915(g).
5 Accordingly, plaintiff must submit the appropriate filing fee in order to proceed with this action.[1]

## CONCLUSION

7  Accordingly, IT IS HEREBY ORDERED that:
8  1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 4) is denied; and
9  2.  Plaintiff shall submit, within twenty-one days from the date of this order, the
10 appropriate filing fee.  Plaintiff's failure to comply with this order will result in a
11 recommendation that this action be dismissed.
12 DATED: April 9, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
weav0449.56

---

[1] There is an exception to the three-strike bar of § 1915(g) which allows a prisoner to use IFP status to bring a civil action despite three prior dismissals where the prisoner is under imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57 (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception.").  However, in his brief complaint now before this court, plaintiff merely alleges that on September 29, 2011, there was no breakfast provided to him, and when he complained to sheriff's deputies, they ignored him.  (Compl. at 3.) Plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he filed this action.  Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not available to plaintiff.