1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10    WILLIE WEAVER,

11              Plaintiff,                    No. CIV S-12-0449 GEB DAD P

12         vs.

13    DEPUTY FRANCIS et al.,

14              Defendants.              <u>ORDER</u>

15    _____/

16         Plaintiff, a county jail inmate proceeding pro se, has filed a civil rights complaint

17    seeking relief under 42 U.S.C. § 1983.  Plaintiff has not paid the required filing fee.  This

18    proceeding was referred to the undersigned magistrate judge by Local Rule 302 pursuant to 28

19    U.S.C. § 636(b)(1).

20                              **28 U.S.C. § 1915(g)**

21         The federal in forma pauperis statute includes a limitation on the number of

22    actions in which a prisoner can proceed in forma pauperis.

23         In no event shall a prisoner bring a civil action or appeal a
      judgment in a civil action or proceeding under [§ 1915] if the
24    prisoner has, on 3 or more prior occasions, while incarcerated or
      detained in any facility, brought an action or appeal in a court of
25    the United States that was dismissed on the grounds that it is
      frivolous, malicious, or fails to state a claim upon which relief may
26    /////

                                        1

1    be granted, unless the prisoner is under imminent
     danger of serious physical injury.

2

3   28 U.S.C. § 1915(g).  "[T]he plain language of § 1915(g) requires that the court look at cases

4   dismissed prior to the enactment of the [Prison Litigation Reform Act] to determine when a

5   prisoner has used his three strikes."  Rodriguez v. Cook, 169 F.3d 1176, 1181 (9th Cir. 1999).

6           For purposes of § 1915(g), the court must determine whether plaintiff has, on

7   three or more occasions prior to the filing of this new action, brought a civil action or appeal that

8   was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon

9   which relief could be granted.  Where a court denies a prisoner's application to file an action

10  without prepayment of fees on the grounds that the submitted complaint is frivolous, malicious

11  or fails to state a claim upon which relief may be granted, the complaint has been "dismissed" for

12  purposes of § 1915(g).  See O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).

13                                    **DISCUSSION**

14          Here, plaintiff suffered his first strike for purposes of § 1915(g) on July 17, 2006,

15  when the district court dismissed Weaver v. California Correctional Institution Confinement

16  SHU, Case No. CIV F-06-0671 OWW SMS P (E.D. Cal.) for failure to state a claim and

17  frivolousness.  Plaintiff suffered his second strike on July 17, 2006, when the district court

18  dismissed Weaver v. California Correctional Institution - Third Watch Sergeant, Case No. CIV

19  F-06-0775 OWW LJO P (E.D. Cal.) for failure to state a claim and frivolousness.  Finally,

20  plaintiff suffered his third strike on August 1, 2006, when the district court dismissed Weaver v.

21  California Correctional Institution Law Library, Case No. CIV F-06-0863 OWW SMS P (E.D.

22  Cal.) for failure to state a claim and frivolousness.  In fact, as far back as 2006, in Weaver v.

23  California Correctional Institution Building A-4A-4 et al., Case No. CIV F-06-1429 OWW SMS

24  P, United States District Judge Oliver W. Wanger of the Fresno Division of this court dismissed

25  an action filed by plaintiff as frivolous and malicious, noting that plaintiff had filed 124 actions

26  in this district, many of which have been dismissed as frivolous or duplicative.

1    Plaintiff commenced this action on February 21, 2012, by filing a civil rights

2    complaint.  Subsequently, plaintiff filed an application to proceed in forma pauperis.  As noted

3    above, however, court records reflect that plaintiff filed this action after having brought three or

4    more prior federal cases that were dismissed on the grounds specified in 28 U.S.C. § 1915(g).

5    Accordingly, plaintiff must submit the appropriate filing fee in order to proceed with this action.[1]

6                                            **CONCLUSION**

7    Accordingly, IT IS HEREBY ORDERED that:

8    1.  Plaintiff's motion to proceed in forma pauperis (Doc. No. 4) is denied; and

9    2.  Plaintiff shall submit, within twenty-one days from the date of this order, the

10   appropriate filing fee.  Plaintiff's failure to comply with this order will result in a

11   recommendation that this action be dismissed.

12   DATED: April 9, 2012.

13

14   _____
     DALE A. DROZD
15   DAD:9                              UNITED STATES MAGISTRATE JUDGE
     weav0449.56
16

17

18

19

20

21       [1]  There is an exception to the three-strike bar of § 1915(g) which allows a prisoner to use
     IFP status to bring a civil action despite three prior dismissals where the prisoner is under
22   imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d 1047, 1056-57
     (9th Cir. 2007) ("[A] prisoner who alleges that prison officials continue with a practice that has
23   injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and
     meet the imminence prong of the three-strikes exception.").  However, in his brief complaint
24   now before this court, plaintiff merely alleges that on September 29, 2011, there was no breakfast
     provided to him, and when he complained to sheriff's deputies, they ignored him.  (Compl. at  3.)
25   Plaintiff has not alleged that he was "under imminent danger of serious physical injury" when he
     filed this action.  Accordingly, the imminent danger exception under 28 U.S.C. § 1915(g) is not
26   available to plaintiff.